**SO ORDERED.**

**SIGNED this 25 day of July, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

IN RE:

PATRICK JAMES BALLANTINE,       CASE NO. 10-05174-8-JRL
    DEBTOR.

                           Chapter 7

JAMES B. ANGELL, Trustee,
    Plaintiff

                                  ADVERSARY PROCEEDING
            v.                         NO.   10-00304-8-JRL

PATRICK JAMES BALLANTINE,
    Defendant

## **ORDER**

      This matter came before the court on the defendant's motion to dismiss. A hearing was held on July 20, 2011, in Wilmington, North Carolina.

      The chapter 7 trustee initiated this adversary proceeding to object to the defendant's discharge on various grounds under 11 U.S.C. § 727(a). The trustee's objection stems from discrepancies between the defendant's income as listed on his statement of financial affairs and deposits evidenced in bank statements provided to the trustee. The trustee moved for and received two extensions of time to object to the defendant's discharge. On November 29, 2010,

the final day to object, the trustee filed a bare bones complaint, asserting the discrepancies by amount and that the trustee requested certain documents but had not received all he needed to explain the discrepancies. The complaint sought relief under §§ 727(a)(3), (a)(4)(D), (a)(5), and (a)(4)(A) of the Bankruptcy Code. The summons was served on January 19, 2011, after being reissued, and the defendant's answer was due February 18, 2011. The trustee asked defendant's counsel for permission to file an amended complaint, and with consent filed one on February 16, 2011. The amended complaint was far more thorough, detailing transactions, entities, and properties that gave rise to the trustee's allegations of fraudulent statements, concealment of information, and inadequate records. After a consensual withdrawal of defendant's counsel, the defendant filed his answer to the complaint and the instant motion to dismiss pro se.

Defendant argued for dismissal on various grounds,[1] primarily that the amended complaint does not relate back to the original complaint because the original was deficient under Rules 8 and 9 of the Federal Rules of Civil Procedure. Without relation back, the defendant argues, the trustee's "amended" complaint was filed after the deadline to object to discharge and should be dismissed. Indeed, there are problems with the original complaint, but as this court stated in <u>Angell v. Ber Care, Inc.</u>, 409 B.R. 737 (Bankr. E.D.N.C. 2009), the original complaint need not be sufficiently pled under Rule 9 for an amended complaint to relate back to it. Rule 15(c)(1)(B) states that an amendment to a pleading relates back to the original when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or <u>attempted to be set out</u>—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7015(c)(1)(B)) (emphasis added). So

---

[1]Defendant abandoned his constitutional arguments at the hearing.

long as there is "a factual nexus between the amendment and the original claim and that the defendant[] had notice of the claim and will not be prejudiced by the amendment," the pleading will relate back.  Ber Care, 409 B.R. at 757 (citations omitted).  Here, the trustee attempted to set out claims under § 727(a) and, citing discrepancies in the defendant's stated income and bank account deposits which were elaborated on in the amended complaint, he sufficiently put defendant on notice of the claims against him.

Based on the foregoing, the defendant's motion to dismiss the complaint is DENIED.  The court waives the disclosure requirement and orders a 60-day discovery period to commence immediately, after which the matter will be set for trial.

**END OF DOCUMENT**